IN THE UNITED STATES DISTRICT COURT
FOR THE 26th JUDICIAL DISTRICT OF NORTH CAROLINA
Civil No. 3:10-CV-89

Hafid McIntyre )
Plaintiff, )
)
)
v. )
)
)  Plaintiff's Complaint
)  (Jury Trial Requested)

BAC Home Loans Servicing, L.P. FKA
Countrywide Home Loans Servicing, L.P.

---

NOW COMES Plaintiff and hereby complains of Defendants as follows:

### INTRODUCTION

1. Plaintiff purchased a home in 2007. Being a hardworking and prudent man, Plaintiff paid off any indebtedness on the home. Subsequently, Plaintiff began to receive communications from Defendant BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. (hereinafter "Defendant") regarding an alleged indebtedness. Plaintiff asked Defendant to supply certain information to Plaintiff to confirm the validity of the alleged debt. Defendant has refused to respond to Plaintiff and has, in bad faith, failed to supply any of the requested information. Simultaneously, Defendant has sought to foreclose on Plaintiff's residence.

### JURISDICTION

2. Plaintiff is a resident and citizen of Mecklenburg County, North Carolina and has been for at least 12 years preceding the filing of this action.

3. Upon information and belief, Defendant is a corporation formed under the laws of the State of Texas and licensed to conduct business in the State of North Carolina.

4. This Court has jurisdiction under federal question jurisdiction pursuant to 28 U.S.C.A. § 1331.

FACTS

5. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

6. Plaintiff is the owner of real property located at 329 Keswick Ave., Charlotte, North Carolina.

7. On or about July 2009, Defendant instituted a foreclosure action against Plaintiff, case number 09 SP 6580 in Mecklenburg County, North Carolina.

8. On or about July 2009, Plaintiff requested verification of the debt Defendant alleged was owed.

9. Defendant has never responded to Plaintiff's requests. More than thirty days has expired since Defendant received Plaintiff's requests.

10. On or about September 2009, Plantiff sent a RESPA Qualified Written Request, Request for Validation of Debt, and Depositions for Disclosure and Discovery to Defendant and Substitute Trustee, Hutchens, Senter, and Britton, P.A. Request was made for verified copies of requested documents.

11. On or about October 7, 2009 Plantiff received a response from Defendant. An unsigned letter was accompanied by unverified copies of some documents, however, most requests for information were ignored.

12. During the pendency of Plaintiff's request, Defendant continued to report a negative payment history to the three main credit bureaus.

13. Plaintiff has never executed an agreement or any contract with Defendant. There is no privity of contract between the parties.

14. Defendant has never produced any documentation to establish that there is privity of contract amongst the parties.

15. Despite Plaintiff's requests, Defendant has never produced a verified copy of a promissory note that would be the basis for any indebtedness owed by Plaintiff to Defendant, as well as prove that Defendant has a promissory note in their possession.

16. Plaintiff is a consumer.

17. Defendants are debt collectors.

18. Defendant does not possess any promissory note signed by Plaintiff.

19. Plaintiff has consistently requested that Defendant produce any promissory note and any accompanying documentation demonstrating how Defendant gained access and/or ownership of the promissory note.

20. Defendant Substitute Trustee proceeded with a foreclosure action in spite of the unresolved dispute regarding the validity of the debt.

21. Defendant Substitute Trustee failed to fulfill its obligation to act neutrally and proceeded with the foreclosure action even though Defendant had not supplied pertinent information, as requested by Plaintiff, to establish the validity of the alleged debt.

22. Defendant Substitute Trustee failed to investigate or engage in any effort to insure the fairness of the foreclosure proceeding.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 USC 1692

23. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

24. Plaintiff sent a request for information to Defendant. This request was made in good faith and done in an attempt to verify the debt Defendant alleged was owed.

25. Defendant's failure to respond was done in bad faith and in an attempt to allow Defendant to continue to seek to collect on an invalid debt.

26. Defendant has not and cannot prove that said Defendant ever was granted the contractual right to collect a debt from Plaintiff.

27. Even without the aforementioned proof, Defendant continued to seek to collect a debt from Plaintiff.

28. Defendant has failed to demonstrate that it has a promissory note signed by Plaintiff or that any such note exists.

29. Defendant, while acting as a debt collector, engaged in conduct of which the natural consequence was to harass, oppress, or abuse Plaintiff regarding the attempts to collected the debts Defendant alleged was owed.

30. Defendant misrepresented the legal status of the debt when seeking the foreclosure.

31. Plaintiff has suffered damages due to these violations. Said damages exceed $10,000.00.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C.A. § 1681

32. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

33. Plaintiff unequivocally advised Defendant that the debt was being disputed. Certain verified information was requested to assist in resolving the dispute.

34. Plaintiff also requested a verified validation of the debt.

35. Defendant failed to respond to Plaintiff's request and simultaneously continued to report negative information to the three major credit reporting agencies.

36. Plaintiff has suffered damage to his credit score, limited access to credit and emotional damages all of which are in excess of $10,000.00

## THIRD CAUSE OF ACTION
## EXTORTION, 18 U.S.C.A. § 1951

37. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

38. Defendant has sought to collect money and/or property from Plaintiff when Plaintiff is under no contractual obligation to pay Defendant anything.

39. By instituting the foreclosure action, Defendant has sought to obtain property from Plaintiff without Plaintiff's consent or under color of official right.

40. As a result of Defendant actions, Plaintiff has suffered damages in excess of $10,000.00

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE UNFAIR TRADE PRACTICES ACT,
## N.C. GEN. STAT. § 75-1.1 ET-SEQ.

41. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

42. Defendants knew or should have known that they needed to produce a verified copy of the promissory note allegedly executed by Plaintiff.

43. Defendants knew or should have known that Plaintiff would suffer damages as a result of Defendants' improper attempts to collect on the promissory note that was never produced.

44. Defendant's misrepresentations were intentional and were a material fact in convincing the Clerk of Court to proceed with the foreclosure of Plaintiff's home.

45. Defendants' conduct constituted "unfair or deceptive practice" pursuant to N.C. Gen. Stat. § 75-1.1 et. seq.

46. Defendants' conduct created likelihood of confusion and/or of misunderstanding for Plaintiff.

47. Plaintiff suffered damages as a proximate result of Defendant's conduct.

48. The acts, practices, and/or omissions of Defendants proximately caused economic injury to Plaintiff; are in affecting commerce; have the capability to deceive an ordinary consumer; are unscrupulous, immoral, and oppressive; and constitute unfair and deceptive trade practices in N.C. Gen. Stat. § 75-1 et. seq., thereby entitling Plaintiff to treble his actual damages pursuant to N.C. Gen. Stat. § 75-16.

WHEREFORE, Plaintiff prays to the Court as follows:

1. That this verified Complaint be treated as an affidavit upon which the Court may base future orders.
2. For a monetary judgment against Defendants in excess of $10,000.00
3. For an Order requiring Defendants to be enjoined from any further foreclosure actions against Plaintiff's residence.
4. For an Order requiring Defendants to cancel and liens on Plaintiff's residence.
5. For an Order requiring Defendants to remove all references to any mortgage with Defendants from Plaintiff's credit report.
6. For a jury trial on all issues so triable.
7. For such other and further relief as the Court deems just and proper.

This the 1st day of March, 2010.

_____
Hafid J. McIntyre

## VERIFICATION

The undersigned verifies, under penalty of perjury, that he has reviewed the aforementioned COMPLAINT and asserts that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the __1st__ day of March, 2010.

_____
Hafid J. McIntyre

NOTARY PUBLIC

Sworn to and subscribed to me:

_____
NOTARY PUBLIC

My commission expires: __November 12, 2013__

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served on the parties as listed below, by certified mail, return receipt requested.

BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P.
2375 North Glenville Drive
Building B
Mail Stop RGV-3B-35
Richardson, TX 75082

BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P.
C/O Registered Agent
CT Corporation Systems
150 Fayetteville Street
Box 1011
Raleigh, NC 27601

This the 1st day of March, 2010.

_____
Hafid J. McIntyre