UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:10-cv-00089-RJC-DCK

| | |
|---|---|
| HAFID MCINTYRE,<br><br>    Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.,<br><br>    Defendant. | **MOTION FOR ENTRY OF PROTECTIVE ORDER** |

    Defendant BAC Home Loans Servicing, L.P. ("BAC"), by and through undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rules 16.1(F) and 26.1, hereby moves this Court for entry of a Protective Order. Specifically, BAC requests that the Court order that BAC does not need to respond to the First Request for Production of Documents, Admissions and Set of Written Interrogatories of Plaintiff Hafid McIntyre ("Plaintiff") or any other discovery until the issues have been joined and a Scheduling Order has been issued. As explained in BAC's supporting Brief, and as evidenced by the exhibit attached hereto, which are filed contemporaneously herewith, BAC would show the Court as follows:

    1.    BAC filed a Motion to Dismiss this action on April 19, 2010. Plaintiff's response was filed May 6, 2010, and BAC notified the Court and Plaintiff that it would not file a reply on May 10, 2010.

2. On May 12, 2010, undersigned counsel received Plaintiff's First Request for Production of Documents, Admissions and Set of Written Interrogatories (the "Written Discovery"), a copy of which is attached as <u>Exhibit A</u>.

3. Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

4. This proceeding is not one of the types listed in Rule 26(a)(1)(B), nor is the Written Discovery authorized by any federal rule. BAC has not stipulated or consented to early discovery, nor has the Court ordered early discovery.

5. Local Rule 16.1(F) provides that "[w]hile the parties may engage in consensual discovery at any time, Court enforceable discovery does not commence until issues have been joined <u>and</u> a Scheduling Order is entered. If a party believes that early court sanctioned discovery is warranted, such party may file a motion for leave to take early discovery therein showing good cause." *See also* Local Rule 26.1.

6. Because BAC has filed a Motion to Dismiss, the issues will not be joined until the Court resolves the Motion to Dismiss and, if necessary, the final answer or reply has been filed. *See* Local Rule 16.1(D). Even after the issues are joined, a Scheduling Order will not be entered until such time as the parties have conferred under Federal Rule 16.

7. Plaintiff has not filed a motion for leave to take early discovery.

8. As explained more fully in BAC's Brief in Support of its Motion to Dismiss, this action is factually and legally frivolous. This Court does not have jurisdiction to review the state court foreclosure order. Even if the Court did have jurisdiction, however, Plaintiff's causes of

action are all fatally flawed and fail to meet the pleading standards of Rule 8.  For these reasons, no good cause could exist for Plaintiff to obtain early discovery.

9. BAC does not hereby waive any other objection to the Written Discovery.

10. Pursuant to Local Rule 7.1(B), consultation with an unrepresented party is not required before filing this motion.

Accordingly, BAC respectfully requests that the Court (1) enter an Order protecting BAC from having to respond to the Written Discovery or any other discovery sought by Plaintiff before such time as the issues have been joined and a Scheduling Order has been entered in this action, and (2) grant BAC such other relief as may be just and appropriate.

This the 13th day of May, 2010.

/s/ Glenn E. Ketner, III
John H. Culver III
N.C. State Bar No. 17849
Email: john.culver@klgates.com
Glenn E. Ketner, III
N.C. State Bar No. 36018
Email: bo.ketner@klgates.com
K&L Gates LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, NC  28202
Tel: (704) 331-7580
Fax: (704) 353-3280

*Attorneys for BAC Home Loans Servicing, L.P.*

OF COUNSEL:
K&L GATES LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Telephone:  (704) 331-7400
Facsimile:  (704) 353-3280

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within **MOTION FOR PROTECTIVE ORDER** was electronically filed with the Clerk of Court for the Western District of North Carolina using the CM/ECF system and a copy served upon all parties to this action by depositing a copy of the same in the United States mail, first-class postage prepaid, addressed as follows:

Hafid McIntyre
7208 Applecross Lane
Charlotte, N.C. 28215

This the 13th day of May, 2010.

/s/ Glenn E. Ketner, III
Glenn E. Ketner, III
N.C. State Bar No. 36018
bo.ketner@klgates.com
K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7580
Facsimile: (704) 353-3280