# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-89-RJC-DCK

| | |
|---|---|
| HAFID MCINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| BAC HOME LOANS SERVICING, ) | |
| L.P. F/K/A COUNTRYWIDE HOME ) | |
| LOANS SERVICING, L.P., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Pursuant to Rule 12(b)(1) And Rule 12(b)(6) Of The Federal Rules Of Civil Procedure" (Document No. 7) filed April 19, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Hamid McIntyre ("Plaintiff") filed "Plaintiff's Complaint" (Document No. 1) in this Court on March 2, 2010. Defendant BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Defendant"or "BAC") responded with its motion to dismiss on April 19, 2010. Plaintiff's Response To Defendant's Motion To Dismiss" (Document No. 9) was filed on May 6, 2010 and "Notice Of Defendant's Intention Not To File Reply Brief" (Document No. 10) was filed on May 10, 2010.

"Plaintiff's Complaint" ("Complaint") asserts causes of action for: (1) "Violations Of The

Fair Debt Collection Practices Act, 15 USC 1692" ("FCDPA"); (2) "Violations Of The Fair Credit Reporting Act, 15 U.S.C.A. § 1951" ("FCRA"); (3) "Extortion, 18 U.S.C.A. § 1951," and (4) "Violation Of The Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ET SEQ" ("Chapter 75"). (Document No. 1). The action stems from Defendant instituting a foreclosure action against Plaintiff in or about July 2009, in North Carolina state court.

Plaintiff alleges that he purchased a home in 2007 and "paid off any indebtedness on the home." (Document No. 1, ¶ 1). Plaintiff contends that he never executed an agreement with Defendant and that no privity of contract exists between the parties. Id. at ¶ 13. The property at issue is located at 329 Keswick Avenue in Charlotte. (Document No. 1 at ¶ 6). Plaintiff alleges that he sought confirmation of the debt around the time that Defendant began foreclosure proceedings, in July of 2009, but received no reply. Id. at ¶¶ 7-9. Sometime in September of 2009, Plaintiff alleges that he sent a Qualified Written Request under the Real Estate Settlement Procedures Act ("RESPA") to Defendant and received a response that he alleges was incomplete and which did not demonstrate the existence of a valid debt. Id. at ¶¶ 14-16.

Plaintiff claims that, despite his complaints to Defendant and to Substitute Trustee Hutchens, Senter & Britton, P.A. (a non-party), the foreclosure action proceeded and an order approving a foreclosure sale was entered by the Clerk of Court. Id. at ¶¶ 20-22, 44. Plaintiff does not allege that he contested the foreclosure or appeared before the Clerk in any fashion, nor that he appealed the Clerk's Order or otherwise sought an injunction barring the foreclosure sale in accordance with North Carolina law. See Id.; see also, N.C. Gen. Stat. §§ 45-21.1 *et seq*.

Defendant's pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) contends that as a threshold matter this Court lacks subject matter jurisdiction because Plaintiff's suit attempts to challenge the final and binding Order of the Clerk of Superior Court for

2

Mecklenburg County, North Carolina, and in the alternative, Plaintiff fails to state claims upon which relief can be granted. (Document No. 7).

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

According to Defendant, on or about February 22, 2007, Plaintiff executed a promissory note in the original principal amount of $111,500.00 in favor of Weststar Mortgage, Inc. (the "Note") (Document No. 8-1). The Note was secured by a Deed of Trust of February 22, 2007, recorded in Book 21814, Pages 587-606, Mecklenburg County Register of Deeds (the "Deed of Trust") (Document No. 8-2). The Deed of Trust secured the property located at 329 Keswick Avenue in Charlotte. The Note was subsequently transferred to Defendant (formerly known as Countrywide Home Loans) by Weststar Mortgage, as is reflected on the Note. (Document No. 8-1, p.3).

On October 27, 2009, the Clerk of Superior Court of Mecklenburg County entered an Order finding: (1) that Defendant was the holder of the Note, which evidenced a valid debt; (2) that the Note was in default and the Deed of Trust allowed Defendant to foreclose under a power of sale;

(3) that Plaintiff had been duly notified of the foreclosure hearing; (4) that Plaintiff had shown no reason why foreclosure should not proceed; and, (5) that the loan was not a subprime loan under North Carolina law. (Document No. 8-3). A sale was held on February 23, 2010, at which Defendant was the high bidder with a credit bid of $124,513.65. (Document No. 8-4). Defendant subsequently assigned its bid to Fannie Mae. (Document No. 8-5). Following the statutory ten-day upset bid period, the substitute trustee recorded a deed conveying title to Fannie Mae. The Clerk of Court for Mecklenburg County has since audited and accepted the final report for the foreclosure. (Document 8-6). Defendant contends the foreclosure action is now closed. Plaintiff did not appeal the Clerk's Order pursuant to N.C. Gen. Stat. § 45-21.16(d1), and therefore, a final judgment resolving the validity of the debt at issue was rendered in state court.

Plaintiff's Complaint seeks redress for injuries allegedly caused by the Order of the North Carolina state court, which concluded that Defendant was the holder of a valid debt. There appears to be no dispute that the basis for Plaintiff's lawsuit is the state court foreclosure action. The Complaint includes the following allegations:

> 8. On or about July 2009, Defendant instituted a foreclosure action against Plaintiff, case number 09 SP 6580 in Mecklenburg County, North Carolina.
>
> 30. Defendant misrepresented the legal status of the debt when seeking foreclosure.
>
> 39. By instituting the foreclosure action, Defendant has sought to obtain property from Plaintiff without Plaintiff's consent or under color of official right.
>
> 44. Defendant's misrepresentations were intentional and were a material fact in convincing the Clerk of Court to proceed with the foreclosure of Plaintiff's home.
>
> Plaintiff prays to the Court . . . For an Order requiring Defendants to be enjoined from any further foreclosure actions against Plaintiff's

residence.

(Document No. 1). Based on the foregoing, Defendant contends that this Court lacks jurisdiction over this action, and furthermore, that the Complaint fails to state viable claims for relief under the FCDPA, FCRA, the Hobbs Act and/or Chapter 75. (Document No. 8).

Defendant's first argument is that the *Rooker-Feldman* doctrine bars this Court from reviewing state court judgments.[1] (Document No. 8 at p.4). Defendant cites relevant authority in support of its argument, including the following:

> Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. The *Rooker-Feldman doctrine*, a corollary to this rule, prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) (per curiam). The Supreme Court has recently underscored that *Rooker-Feldman* is a "narrow doctrine." Id. It deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Formulated in this way, the doctrine forbids claims that "seek [ ] redress for an injury caused by the state-court decision itself" because they "ask[ ] the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir.2006). In other words, the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 126 S.Ct. at 1202.

Adkins v. Rumsfeld, 464 F.3d 456, 463-64 (4th Cir. 2006). See also, Gatti v. Village of Lake Park, 3:04cv285-FDW, 2007 WL 1033364 (W.D.N.C. March 28, 2007).

---

[1] The *Rooker-Feldman* doctrine is derived from District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). See Brumby v. Deutsche Bank, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010).

The undersigned agrees that Plaintiff's Complaint essentially seeks redress for injuries caused by Defendant's action in state court and the subsequent Order of a North Carolina state court. As such, Plaintiff effectively seeks to appeal the determination of the Mecklenburg County Superior Court to this Court, and invites this Court to reject the findings of the Superior Court.

As stated above, Plaintiff has the burden of proving subject matter jurisdiction exists and the "existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's response to the motion to dismiss (Document No. 9) makes no argument refuting Defendant's assertion that subject matter jurisdiction is lacking, and in fact fails to mention jurisdiction at all. Even construing the *pro se* Plaintiff's pleadings liberally, he has failed to meet his burden of establishing that this Court has subject matter jurisdiction over this action. Defendant's brief and attached exhibits present compelling arguments with persuasive authority that Plaintiff has failed to adequately challenge.

Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, as barred by the *Rooker-Feldman* doctrine, and that dismissal is appropriate. The undersigned will therefore forgo additional analysis as unnecessary, but will note that Defendant's alternative argument pursuant to Fed.R.Civ.P. 12(b)(6) also appear persuasive.

## IV. RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** that Defendant's "Motion To Dismiss Pursuant to Rule 12(b)(1) And Rule 12(b)(6) Of The Federal Rules Of Civil Procedure" (Document No. 7) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the

Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: June 29, 2010

David C. Keesler
United States Magistrate Judge